## Commonwealth, ex rel., v. McKean et al.

*Guy Thorne*, for petitioners.
*Edwin C. Moon*, for respondents.

McLAUGHRY, P. J., December 5, 1935. — Frank A. Conner, Thomas F. Rowley, and Fred W. Moser, citizens of Greenville, Mercer County, presented a petition for mandamus against the Directors of the Poor of Mercer County. The petition sets forth that the Works Progress Administration of the United States has submitted, through its proper officers, to the Directors of the Poor of Mercer County, a project proposal proposing the establishment, maintenance, and operation of sewing rooms in the following municipalities in Mercer County: Sharon, Farrell, Greenville, Mercer, Sharpsville, Grove

City, and Sandy Lake, setting forth that the purpose of this organization is to employ 300 relief women to make shirts, dresses, underwear, bedding, night clothes, children's clothing, etc., from material to be furnished by the Federal Government, which garments when made are to be distributed at the direction of the directors of the poor to needy persons within Mercer County.

The petition alleges that the cost of such project would be approximately $307,939.40, and the Government proposes to furnish the following estimated items:

| | |
|---|---:|
| Unskilled labor | $ 8,870.40 |
| Intermediate | 222,882.00 |
| Superintending labor | 19,860.00 |
| Materials and supplies | 46,000.00 |
| Miscellaneous costs | 1,000.00 |
| Total | $298,612.40 |

Under the provisions of this project Mercer County will be required to furnish, as a sponsor to the proposed project:

| | |
|---|---:|
| Materials and supplies | $ 547.00 |
| Sewing machines | 4,188.00 |
| Other direct costs, including rent, light, heat, etc. | 4,592.00 |
| Total | $9,327.00 |

The petition further represents that the proposed project has been presented to the Directors of the Poor of Mercer County to provide $9,327, the amount required of the county, and that the said directors of the poor have refused to comply with the request, giving as a reason that they are in doubt as to their legal right to use the funds of the county for this purpose. The question before the court is, therefore, whether or not the directors of the poor, under the statutes of the State, can lawfully comply with the request by using the funds of the county for this purpose.

A hearing was held and testimony taken concerning

the nature of the project in the charge of the Works Progress Administration of the United States, and also relative to the benefit to be derived by the poor of Mercer County. There is no doubt but that the project is a worthy one, and if carried through as suggested would be of great benefit to the poor of Mercer County at a very low cost, because of the offer on the part of the Federal Government to furnish labor, materials, etc., at an expense to the Federal Government of $298,612.40, while the expense to Mercer County would be only $9,327.

The State of Pennsylvania has enacted laws creating districts, and Mercer County, being such a district, is regulated by the laws of the State. The Act of June 4, 1879, P. L. 78, provides as follows:

"That for the purpose of furnishing relief to the poor, destitute and paupers, giving them employment, and carrying out the provisions of this act, each county of this commonwealth is hereby created a district to be known as '. . . county poor district.' "

It is evident that Mercer County was established as a district "for the purpose of furnishing relief to the poor, destitute and paupers, giving them employment". It is undoubtedly the purpose of this project to furnish relief to the poor, destitute, and paupers, and to give them employment.

The law further provides for the election of directors in every district to carry out the intent of the law. In the Act of May 14, 1925, P. L. 762, sec. 900, we find the following:

"It shall be the duty of the directors of every district from time to time to provide, as is herein directed, for every poor person within the district having a settlement therein who shall apply to them for relief where such directors are satisfied upon investigation that such relief is necessary."

At the hearing it was stated by counsel for the directors of the poor that "The directors of the poor feel that it is a very valuable project". We take it from this

statement that the directors of the poor, who have charge of the expenditure of money for the benefit of the poor, are satisfied that such "relief is necessary". We are satisfied from the testimony taken at the hearing that they are justified in reaching this conclusion. The statutes of the State, however, make provisions relative to the manner in which moneys shall be expended by the directors of the poor. Individual applications must be made for relief, and it must be determined whether or not the persons who receive the benefits are residents of the county, whether they have property, etc., and it would be difficult to comply with these statutes in the disposition of money in the manner requested here.

We, however, are of the opinion that there is a different situation at this time. When the laws were enacted regulating the expenditure of money by the directors of the poor such a condition as we have now was not anticipated. The Federal Government, realizing that we have in Mercer County thousands of persons who are without employment and without means of support, and that it would not be possible to make provision for all persons entitled to relief without Government aid, seeks admission to our county to assist the taxpayers in caring for the poor by the expenditure of $9,327. The county will receive benefits in wages to the destitute of about $222,000 and in raw materials about $46,000; and after the material is made up into garments they are distributed free to clothe those of our people who are in want. We think the directors of the poor in making the expenditure requested here would undoubtedly be complying with the purpose intended by the enactment of the poor laws to furnish "relief to the poor, destitute and paupers, and giving them employment".

It was testified at the hearing by the Assistant Supervisor of the Women's Department of the Works Progress Administration of the United States that the Directors of the Poor of Mercer County would supervise the expenditure of the $9,327, or such part of it as may be

needed, so that the proper authorities designated by law to make provision for the poor will, to some extent, be in touch with the expenditure of the money appropriated from the taxes of Mercer County. Being of the opinion, therefore, that while the directors of the poor may not be able to comply with the enacted laws of the State in every detail relative to those who are receiving the benefit of this expenditure of money, we are convinced that they would be carrying out the spirit of the law, which provides that it is the duty of the directors to provide for "every poor person" within the district, and they will also be relieving the taxpayers of the county of the burden of providing for the relief of some of the poor and unemployed in the county by accepting the generous offer of the Federal Government.

*Order*

And now, December 5, 1935, it is ordered and directed that J. Harvey McKean, Earl Dresch, and George Morgan, Directors of the Poor of Mercer County, expend the sum of $9,327, or such portion of the same as may be needed, to assist the Works Progress Administration of the United States in the establishment, maintenance and operation of sewing rooms in the municipalities of Sharon, Greenville, Farrell, Mercer, Sharpsville, Grove City, and Sandy Lake.                    From W. G. Barker, Mercer.